### LIVINGSTON *v.* THORPE.

GILBERT, J.  1. One ground of the motion for a new trial complains of the following charge to the jury: "that when a. person makes title to land and that title is withheld from the record, and the same party afterwards grants to another the same land, or a part of the same,

then that portion of the land included in the second title which may have been conveyed in the first title but not placed on record, why the title to the second would prevail over the title of the first. Now, that is the law in reference to that. The record of a title is notice to the world, notice as to the ownership of the land conveyed." The criticism is that said charge "is contrary to law, in that it fails to state that it must have been without notice of the existence of the first title; said charge thereby confining the jury to the consideration of the recording only and eliminating from their consideration the question of actual notice, the question being a material issue in the case." *Held:* There was evidence sufficient to authorize the finding that the defendant had for many years been the agent of plaintiff in charge of her lands, and had full knowledge of the plaintiff's land and of notices placed on the land in question by the plaintiff, warning against trespass; from which the jury would have been authorized to find that the defendant knew that the plaintiff claimed the land in dispute as a vendee from the common grantor. For this reason the charge is subject to the criticism made, and the error is one requiring the grant of a new trial. The prior recordation of the second deed by the defendant will not serve to give it priority over the former unrecorded deed if the grantee in the second deed is not a bona fide purchaser without notice.

2. The failure of the court to instruct the jury to the effect that the burden was upon the defendant to show by preponderance of the evidence that he had acquired title to the land by prescription under color will not, in the absence of appropriate written request, require the grant of a new trial.

3. None of the other grounds of the motion for a new trial show cause for a reversal, and are not of such a character as to require special mention.

4. Since the case is remanded for another trial, we express no opinion upon the evidence.　　*Judgment reversed. All the Justices concur.*

No. 3920. JANUARY 16, 1924.

Complaint for land. Before Judge Sheppard. McIntosh superior court. June 10, 1923.

Mrs. Lily B. Livingston brought an action for described land against Edward Thorpe. Both claimed title from the same grantor, who formerly owned the land of both. The plaintiff claimed the disputed land as a part of 180 acres, more or less, conveyed to her by the common grantor by a deed dated Aug. 20, 1903, recorded in 1915. The defendant claimed under a deed dated Jan. 20, 1908, conveying a tract of forty acres, and also by prescription under color of said deed. The description contained in the deed of the defendant, in addition to giving measurements on all sides of the land, described the south boundary thereof as being a named public road. The testimony was in conflict as to whether this

17

public road had been changed by the county authorities subsequently to the execution of the defendant's deed. There was evidence tending to show that the defendant was already in possession of forty acres as described in his deed. The jury returned a verdict for the defendant. The plaintiff filed a motion for a new trial, and subsequently amended the same. To the overruling of this motion the plaintiff excepted.

*Tyson & Tyson,* for plaintiff.    *E. A. Cohen,* for defendant.